# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **PATRICK WOYCHESIN,**   ) | |
| ) | |
| **Plaintiff,**   ) | |
| ) | |
| v.   ) | **CIVIL ACTION NUMBER:** |
| ) | **JURY TRIAL DEMANDED** |
| **MIDLAND FUNDING, LLC;**   ) | |
| **MIDLAND CREDIT**   ) | |
| **MANAGEMENT, INC.,**   ) | |
| ) | |
| **Defendants.**   ) | |

## COMPLAINT

This is an action brought by the Plaintiff, Patrick Woychesin, for actual and statutory damages, attorney's fees, and costs for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA").

## JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that at all relevant times the Defendants transacted business in this District, and the Plaintiff resides in this District.

## STATEMENT OF THE PARTIES

1. Plaintiff, Patrick Woychesin, is over the age of nineteen (19) years and is a resident of the city of Leeds in St. Clair County, Alabama.

2. Defendant Midland Funding, LLC ("Midland") is and at all times pertinent herein was, a foreign limited liability company or other legal entity organized under the laws of the State of Delaware with its principal place of business in San Diego, California. Plaintiff asserts that, upon information and belief, Defendant Midland Funding, LLC is a debt collector as that term is defined by the Fair Debt Collection and Practices Act at 15 U.S.C. §1692(a)(6). Midland Funding, LLC has no employees. Rather, Midland Funding, LLC's accounts, including the account at issue in this case, are serviced by Defendant Midland Credit Management, Inc.

3. Defendant, Midland Credit Management, Inc. ("MCM" or collectively with Midland as "The Defendants"), is a foreign corporation incorporated in the State of Delaware. MCM was, in all respects and at all times relevant herein, doing business in the state of Alabama, and is registered to do business in Alabama with the Alabama Secretary of State. Plaintiff asserts that Defendant is

regularly engaged in the business of collecting consumer debts from consumers residing in St. Clair County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6). MCM is the servicer of accounts, including the account at issue in this case, for Midland.

### STATEMENT OF FACTS

*Background*

4. On or about May 1, 2019, Defendants filed or caused to be filed a lawsuit against Plaintiff in the Small Claims Court of St. Clair County, Alabama which was assigned case number 75-SM-2019-900514 (hereinafter referred to as "the lawsuit").

5. The lawsuit involved a debt allegedly owed by Plaintiff to Capital One Bank (USA), N.A., an entity not a party to this lawsuit, as the result of the alleged use of a credit card. Midland and/or MCM filed the lawsuit in an attempt to collect an alleged debt from the Plaintiff.

6. The alleged debt was incurred for personal or household purposes.

7. In its complaint Midland represented that Capital One Bank (USA), N.A. assigned an account allegedly belonging to Patrick Woychesin to Midland and claimed that Patrick Woychesin allegedly had a

balance due on the account of $2,669.38.

8. Plaintiff has never done business with Defendants and has never owed Defendants any money.

9. Plaintiff answered Midland's Small Claims Complaint and denied all of the allegations made by Midland in the lawsuit.

10. Trial was held on Midland's alleged claim against Mr. Woychesin on October 24, 2019. Following the trial the Court entered judgment in favor of Patrick Woychesin and against Midland.

11. Despite bearing the burden of proof at trial, Midland called no witnesses at trial in support of its claims against Patrick Woychesin. Further, Midland offered no competent evidence at trial that the alleged debt was assigned to Midland, that Midland owned the alleged debt and as such had any standing to bring suit against Mr. Woychesin or that Patrick Woychesin was in any way responsible for paying the alleged debt claimed by Midland in the amount claimed by Midland in the Complaint. As a result, judgment was entered in favor of Patrick Woychesin and against Midland.

12. Each year Defendants file or cause to be filed hundreds if not thousands of lawsuits against consumers in Alabama without any

intention of proving the claims it alleges; with the knowledge that it will not have any witnesses to testify on its behalf at trial and knowing that it will not be able to offer competent evidence at trial.

13. The pattern and practice of Midland is to file lawsuits, such as the Small Claims Court lawsuit at issue in this case, in an attempt to either secure a default against Alabama consumers who fail to answer the bogus complaints Midland files or to coerce a settlement or consent judgment from consumers at the courthouse before trial when Midland knows it has no witnesses and no competent evidence to prove its claims.

14. The case filed against Mr. Woychesin is not an outlier nor was it filed by mistake. Rather, as discovery in this case will likely show, it is merely an example of the unfair and intentionally illegal business model that Defendants have put into place.

## COUNT ONE
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. The foregoing acts and omissions of Defendants and their employees

and agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, including, **but not limited to**, 15 U.S.C. § 1692d §1692e and §1692f with respect to Plaintiff.

17. As a direct and proximate result of the wrongful conduct visited upon Plaintiff by Defendants in their wrongful collection efforts, Plaintiff suffered actual damages including physical pain, mental anguish and emotional distress.

18. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants.

## COUNT TWO
## NEGLIGENCE

19. Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

20. The Defendants knew or should have known the conduct set forth herein which was directed at and visited upon Plaintiff.

21. The Defendants knew or should have known that said conduct was improper.

22. The Defendants negligently failed to prevent and/or participated in improper collection activities.

23. As a result of The Defendants' negligence, the Plaintiff suffered physical pain, worry, anxiety, nervousness, and mental anguish.

### COUNT THREE
### RECKLESSNESS AND WANTONNESS
### AGAINST THE DEFENDANTS

24. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

25. The Defendants knew or should have known the conduct set forth herein which was directed at and visited upon the Plaintiff.

26. The Defendants knew or should have known that said conduct was improper.

27. The Defendants recklessly and wantonly failed to prevent and/or participated in improper collection activities.

28. As a result of the Defendant's reckless and wanton conduct, the Plaintiff suffered physical injury, worry, anxiety, nervousness, and mental anguish.

## COUNT FOUR
## MALICIOUS PROSECUTION

29. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

30. Defendant Midland Funding, LLC sued the Plaintiff.

31. Midland Funding, LLC lacked probable cause to file the lawsuit.

32. Midland Funding, LLC maliciously filed the lawsuit against the Plaintiff.

33. The lawsuit ended in favor of Patrick Woychesin and against Midland Funding, LLC.

34. As a result of Midland Funding, LLC's frivolous lawsuit, Plaintiff was harmed.

## COUNT FIVE
## ABUSE OF PROCESS

35. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

36. Defendant Midland Funding, LLC filed a lawsuit against the Plaintiff alleging that it acquired a debt from a third party and represented that it owned the alleged debts and that Plaintiff was indebted to Midland Funding, LLC.

37. Defendant Midland Funding, LLC never had any intent to prove any claim against the Plaintiff, but rather had an ulterior purpose when it filed the lawsuit against the Plaintiff.

38. The ulterior purpose was to attempt to force Plaintiff into paying Midland Funding, LLC or MCM for a debt that Midland and/or MCM either could not or would not establish by any competent evidence or to coerce the Plaintiff into a settlement without any intent to offer any witness or offer other competent evidence supporting Midland's or MCM's claims.

39. Defendants were aware, at the time the lawsuit was filed, that they bore the burden of proof but despite that, they would never attempt to prove the claims alleged in the lawsuit and would never bring witnesses to Court or admit competent evidence in support of its claims.

40. Defendants were aware that this conduct would harm the Plaintiff either by forcing him to pay a debt that Defendants knew they would not or could not prove or, alternatively, by coercing the Plaintiff into a settlement with the knowledge that Defendants would not or could not prove their claims against the Plaintiff.

41. This conduct by Defendants is all too common in Alabama state courts and constitutes a widespread pattern and practice against Alabama consumers, such as Plaintiff.

## DAMAGES

Plaintiff alleges that as a direct and proximate result of the Defendants' acts alleged herein, Plaintiff was caused to incur physical pain as well as mental distress and emotional suffering and incurred other actual damages.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff claims damages of the Defendants in statutory, compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any such other and further relief as this court deems proper and/or necessary.

In addition to the above, Plaintiff further demands declaratory judgment that Defendants' conduct violated the FDCPA, actual damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in the amount of $1,000.00 for the violations of the FDCPA pursuant to 15 U.S.C. § 1692k and costs and reasonable attorney's fees for the violations of the FDCPA pursuant to 15 U.S.C. § 1692k.

### PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.

            /s/ *W. Whitney Seals*
            W. WHITNEY SEALS,
            Attorney for Plaintiff

**OF COUNSEL:**

**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@cochrunseals.com

**PLAINTIFF'S ADDRESS:**
Patrick Woychesin
2029 Phillips Cir.
Leeds, AL 35094

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESSES:**

**MIDLAND FUNDING, LLC**
c/o Registered Agent
Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

**MIDLAND CREDIT MANAGEMENT, INC.**
c/o Registered Agent
Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104