FILED

2020 Jun-08  PM 04:39
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **PATRICK WOYCHESIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **4:20-cv-00378-ACA** |
| | ) | |
| **MIDLAND FUNDING, LLC;** | ) | |
| **MIDLAND CREDIT** | ) | |
| **MANAGEMENT, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS

---

**COMES NOW**, the Plaintiff Patrick Woychesin (hereinafter "Plaintiff") and responds in opposition to the Motion to Dismiss filed by Defendant Midland Funding, LLC and Defendant Midland Credit Management, Inc. (herein collectively referred to as "Midland") [Doc. 7] as follows:

### INTRODUCTION

Plaintiff's claims in this case arise out of Midland's attempt to collect an alleged debt by filing a lawsuit in Alabama small claims court that it did not prove, never intended to prove, and contained misrepresentations.  Plaintiff has asserted

an FDCPA claim and Alabama common law claims.  Plaintiff has alleged that

Midland violated several sections of the FDCPA, namely 15 U.S.C. 15 U.S.C. §

1692d §1692e and §1692f with respect to Plaintiff. [Doc. 1].

Essentially, Plaintiff has alleged that he did not owe the debt sued upon and

that Midland filed a baseless lawsuit with no intention of even attempting to prove

a single allegation in its baseless lawsuit.   Plaintiff has further alleged that the

filing of baseless lawsuits against consumers in Alabama by Midland without any

effort to prove any allegations is an illegal pattern and practice of Midland.

## STANDARD OF REVIEW

A court may dismiss a complaint for failure to state a claim only if it is clear

that no relief could be granted under any set of facts that could be proven

consistent with the allegations in the complaint.  *See Hishon v. King & Spalding*,

467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984); see also *Wright v.

Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) ("We may not . . . [dismiss] unless it

appears beyond doubt that the plaintiff can prove no set of facts in support of the

claims in the complaint that would entitle him or her to relief.") (citation omitted).

The court will accept as true all well-pleaded factual allegations and will view

them in a light most favorable to the nonmoving party. *Hishon*, 467 U.S. at 73.

Furthermore, the threshold is "exceedingly low" for a complaint to survive a

motion to dismiss for failure to state a claim. *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).

<u>**ARGUMENT**</u>

**I.    FDCPA CLAIMS**

Plaintiff has alleged that Midland violated several sections of the FDCPA, including, but not limited to, 15 U.S.C. 15 U.S.C. § 1692d §1692e and §1692f with respect to Plaintiff. [Doc. 1].

Oddly, Midland, in its Motion to Dismiss, attempts to frame this case as follows: "in fact, this is not even a case where the debtor alleges he did not owe the debt sued upon." [Doc. 7, p. 2].  Midland seems to ignore the allegations in the Complaint, namely, "Plaintiff has never done business with Defendants and has never owed Defendants any money." [Doc. 1, para. 8].   Plaintiff has alleged that he was sued by a company he'd never done business with over a debt never owed to that company and that the filing of the lawsuit violated 1692d.

**A.  1692d claim**

Midland moves this Court to dismiss the FDCPA claims made by the Plaintiff including his 1692d claim.  Midland has moved to dismiss similar complaints in this District alleging violations of 1692d in and about its filing of baseless lawsuits against consumers.  Each Court that ruled upon Midland's

motions to dismiss, ruled against Midland.  For example, in *Dial v. Midland*

*Funding, LLC* the Court held:

> The magistrate judge recommended that Midland's motion to dismiss this
> count be denied, finding these allegations to sufficiently state a claim under
> § 1692d. Midland objected to this recommendation, primarily on two
> grounds: (1) Midland simply filed a collections suit, which is not actionable
> under § 1692d; and (2) the magistrate judge improperly accepted conclusory
> allegations as true.
>
> As to the first contention, Midland has made such an argument before nearly
> every judge of this district, and its position has been unanimously rejected.
> See *Millican v. Midland Funding, LLC*, No. 4:09-cv-1206-JEO, 2009 U.S.
> Dist. LEXIS 133571, *17-18 (N.D. Ala. Dec. 2, 2009); *Morgan v. Midland
> Funding, LLC*, No. 2:12-cv-3846-RDP, 2013 U.S. Dist. LEXIS 12105, *2
> (N.D. Ala. Jan. 4, 2013); *Wood v. Midland Funding, LLC*, No.
> 2:12-cv-2703-KOB, 2013 U.S. Dist. LEXIS 11405, 2013 WL 360146, *3
> (N.D. Ala. Jan. 29, 2013); *Vinson v. Midland Funding, LLC,* No.
> 2:12-cv-4187-VEH, 2013 U.S. Dist. LEXIS 22858, 2013 WL 625111, *2
> (N.D. Ala. Feb. 20, 2013); *Gamble v. Midland Funding, LLC,* No.
> 2:12-cv-4186-AKK, 2013 U.S. Dist. LEXIS 31294, 2013 WL 979202, *2
> (N.D. Ala. Mar. 7, 2013). The undersigned will add his name to the list. As
> held in these cases, Dial has alleged additional conduct besides the mere
> filing of a lawsuit — primarily that, for multiple reasons, Midland knew the
> lawsuit was baseless when the suit was filed and, even if meritorious, had
> no intention of proving its case. This additional conduct could reasonably be
> expected to harass, oppress, or abuse Dial, so the allegations are sufficient.

*Dial v. Midland Funding, LLC,* No. 2:14-cv-663-WMA, 2015 U.S. Dist. LEXIS

21099, at *3-4 (N.D. Ala. Feb. 23, 2015).  In the case before this Court, the

Plaintiff has, just as the Plaintiffs in the cases cited above, alleged that the Plaintiff

never owed money to Midland or had done business with it and as such the lawsuit

filed by Midland was baseless and the Plaintiff has alleged that Midland had no intention of proving its case. [Doc. 1, para. 8 and 12].   Respectfully, Plaintiff requests that this Court deny Midland's motion to dismiss his 1692d claim as has each other Court in this District that has considered this issue.

### B. FDCPA claim regarding Midland's business model

Plaintiff's second allegation is that Midland sued Plaintiff with knowledge that it would never attempt to prove the claim and would never bring witnesses to Court or admit competent essential evidence to prove its claim.  Plaintiff alleges this is pattern and practice of Midland. [Doc. 1, para. 11-14].  Plaintiff's contention as to Midland's pattern and practice is essentially the same as Judge Cornelius in this District summarized in *Midland Funding, LLC v. Taylor*, 2015 U.S. Dist. LEXIS 103872 (N.D. Ala. July 15, 2015):

> Midland Funding is in the business of buying defaulted consumer debts and then assigning collection activities to Midland Credit Management. (Doc. 10 at ¶¶ 10-11). According to the plaintiff, the factual allegations underlying this case represent a growing trend in the debt collection and credit reporting industries that has spawned similar litigation against the defendants and other debt collectors: After purchasing a defaulted debt, a debt buyer files a collection action the debtor. (Id. at ¶¶ 19, 23). Most often, the debtor fails to answer or otherwise respond to the collection action, and the debt buyer obtains a default judgment against the debtor. (Id. at ¶ 25). The debt buyer banks on this probability. It has no intention of proving or ability to prove its case against the debtor. (Id. at ¶¶ 27-32).

The Court in *Taylor* found that Midland's actions could give rise to an

FDCPA violation if proven by the plaintiff. *Id*. ("The plaintiff's allegations regarding the course of proceedings in small claims court, together with his factual allegations regarding the defendants' pattern and practice of commencing judicial actions to collect stale debts solely for the purpose of obtaining default judgments against debtors, raises the plaintiff's right to relief above the speculative level. Although the plaintiff ultimately must prove these allegations, he is not required to do so at this stage of the litigation.")

The *Taylor* Court's findings were in line with the vast majority of other decisions in this District and in other United States District Courts in Alabama. *See, e.g., Samuels v. Midland Funding, LLC*, 921 F. Supp. 2d 1321 (S.D. Ala. 2013)("…[This case is centered] on its fixed intention not to prove its claim and its knowledge that it would never be able to prove its claim, since it had no evidence and deliberately elected to seek none."); *Dial v. Midland Funding, LLC,* No. 2:14-cv-663-WMA, 2015 U.S. Dist. LEXIS 21099 (N.D. Ala. Feb. 23, 2015)(" As held in these cases, Dial has alleged additional conduct besides the mere filing of a lawsuit — primarily that, for multiple reasons, Midland knew the lawsuit was baseless when the suit was filed and, even if meritorious, had no intention of proving its case. This additional conduct could reasonably be expected to harass, oppress, or abuse Dial, so the allegations are sufficient.").

Midland alleged three causes of action in its lawsuit against the Plaintiff, "Money Had and Received," "Account Stated" and "Breach of Contract."

It is Plaintiff's contention that Midland did not and never intended to provide the bare minimum evidence of the essential elements to prove any of these three claims. As Midland trumpets again and again in its Motion to Dismiss, Midland attached an affidavit to its state court complaint. That affidavit substantively only contained the statement: "MCM's records show defendant(s) owed a balance of $2,669.38 as of 2019-02-27." The affidavit did not attempt to reference any of other documents, namely any contract or other document that would show that Plaintiff was obligated to pay anything to Midland, nor did it specify which Midland documents the affiant relied on.

Despite suing Plaintiff on a claims of "Money Had and Received[1]," "Account Stated[2]" and

---

[1]To prevail on a claim of Money Had and Received, "the plaintiffs must establish that the defendants hold money that, in equity and good conscience, belongs to the plaintiffs, or that the defendants hold money that was improperly paid to the defendants because of mistake or fraud." *Funliner of Alabama v. Pickard*, 873 So. 2d 198 at 209 (Ala.2003).

[2]"A prima facie case on an account stated is made when the plaintiff proves (1) a statement of the account between the parties is balanced and rendered to the debtor; (2) there is a meeting of the minds as to the correctness of the statement; and (3) the debtor admits liability. The debtor's admission to the correctness of the statement and to his liability thereon can be express or implied. An account rendered, and not objected to within a reasonable time becomes an account stated, and failure to object will be regarded as an admission of correctness of the account." *University of South Alabama v. Bracy*, 466 So. 2d 148, 150 (Ala. Civ. App. 1985)(citations omitted).

"Breach of Contract[3]," the affidavit and the state court complaint both failed to attempt to establish the elements of any of those claims.

Midland relies heavily on the decision in *Hamilton v. Midland Funding LLC*, No. 2:14-cv-02008-AKK, 2017 U.S. Dist. LEXIS 12206 (N.D. Ala. Jan. 30, 2017). First, it is important to note that this decision is an Order granting Summary Judgment, not a Motion to Dismiss. In fact, even the *Hamilton* Court found a possible FDCPA violation can occur if proven under similar facts when it denied Midland's motion to dismiss. *Hamilton v. Midland Funding, LLC*, No. 2:14-cv-02008-AKK, 2015 U.S. Dist. LEXIS 113533 (N.D. Ala. Aug. 26, 2015). However, at the close of evidence, the Court found that "nothing in this record to support the contention that Midland filed false affidavits or knowingly made false statements when it filed the lawsuit." *Hamilton v. Midland Funding LLC*, No. 2:14-cv-02008-AKK, 2017 U.S. Dist. LEXIS 12206 (N.D. Ala. Jan. 30, 2017). Plaintiff's position is different in that he alleges Midland provided little to no evidence to support any of its claims and never intended to. Further, without the benefit of discovery, Plaintiff does not know the factual basis or lack of factual

---

[3]The four elements of a claim for breach of contract are: 1) proof of a valid and enforceable contract; 2) the terms and conditions of the contract, including the contract price; 3) a breach of the contract; and 4) damages. *Baxter v. Jones*, 529 So. 2d 217, 222 (Ala. 1988). No contract was attached to the Complaint or the affidavit. As such Midland could not even prove the first element of this claim against the Plaintiff.

basis for the affidavit filed by Midland in the underlying state court case.

Midland quotes *Hamilton* which in turn quoted *Bandy v. Midland Funding, LLC*, No. 12-00491-KD-C, 2013 U.S. Dist. LEXIS 7983 (S.D. Ala. Jan. 18, 2013) for the proposition that a debt collector's "filing and prosecution of [a] state court collection lawsuit without possessing or obtaining evidence to prove its claims does not rise to an FDCPA violation." [Doc. 7, p. 4].

In denying Midland's motion to dismiss and analyzing *Bandy*, the Court in *Samuels v. Midland Funding, LLC,* 921 F. Supp. 2d 1321 (S.D. Ala. 2013) stated:

> A debt collector that chooses not to obtain evidence with which to prove its claim is just as 'incapable' of proving the claim as is a debt collector that attempts to obtain such evidence but fails because no such evidence exists. And the conduct of the former would appear more culpable, since such a debt collector knows absolutely from the outset that it cannot prove its claim, while a debt collector looking for evidence may believe it will succeed.

*Id*. at 1329.

> The *Samuels* Court went on to state:

> The plaintiff's claim is not that the defendant filed suit expecting in good faith to prove its claim and only later discovered it could not do so; rather, the plaintiff alleges that the defendant filed suit with full knowledge it would not (and therefore could not) prove its claim.

*Id*. at 1331.

To take the "illegal business model" discussion deeper, a debt collector like

Midland must provide admissible evidence from someone with personal knowledge to meet the elements of the claims it alleged against the Plaintiff.  The problem Midland has is that it is a basic rule of evidence that employees of Midland cannot testify with personal knowledge as to the business records of the purported original creditor, in this case Capital One Bank (USA), N.A.  If an affiant from Midland attempts this, it could give rise to more FDCPA claims if he/she falsely claims to have personal knowledge of third-party documents.  *See Consumer Fin. Prot. Bureau v. Frederick J. Hanna & Assoc.*, 114 F. Supp. 3d 1342 (N.D. Ga. 2015).  Instead, Midland, as a business practice, makes vague statements in court filed affidavits about how Midland's documents show the consumer owes a debt with knowledge this is not adequate in hopes the consumer will not object and it can take a default.  This business model, if proven, violates the FDCPA and Plaintiff's FDCPA claim should be allowed to proceed.

## II.     STATE LAW CLAIMS

As an initial matter, Plaintiff voluntarily dismisses his abuse of process claim which is contained in Count Five of the Complaint.  Plaintiff asks this Court to deny Midland's Motion to Dismiss any of his other claims and states as follows:

### A.     Negligence and Wantonness

Plaintiff has viable state law claims for negligence and wantonness.  Courts,

including in this judicial district, have held that negligence claims can arise from debt collection scenarios. *See Raley v. Bank of Am., N.A.*, No. 2:14-CV-857-WMA, 2014 U.S. Dist. LEXIS 164873, 114 A.F.T.R.2d (RIA) 6764 (N.D. Ala. Nov. 25, 2014); *Howard v. CitiMortgage, Inc.*, No. 1:13cv543-KS-MTP, 2014 U.S. Dist. LEXIS 167842 (S.D. Miss. Dec. 2, 2014); *Alves v. Verizon*, No. 08-3196 (WHW), 2010 U.S. Dist. LEXIS 75917 (D.N.J. July 27, 2010); *Narramore v. HSBC Bank USA, N.A.*, No. 09-CV-635-TUC-CKJ, 2010 U.S. Dist. LEXIS 67933 (D. Ariz. July 7, 2010); *Johnson v. Citimortgage, Inc.*, 351 F. Supp. 2d 1368 (N.D. Ga. 2004).

"To establish negligence [under Alabama law], the plaintiff must prove: (1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury. To establish wantonness [under Alabama law], the plaintiff must prove that the defendant, with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some known duty. To be actionable, that act or omission must proximately cause the injury of which the plaintiff complains." *Gregory v. Select Portfolio Servicing*, No. 2:15-cv-00781-JHE, 2016 U.S. Dist. LEXIS 117596 (N.D. Ala. Aug. 31, 2016) (quoting *Lemley v. Wilson*, 178 So. 3d 834, 841-42 (Ala. 2015)). When explaining duty, the Court in *Raley v. Bank of Am., N.A.* stated:

"In general, 'every person owes every other person a duty imposed by law to be careful not to hurt him.'" *Smitherman v. McCafferty*, 622 So. 2d 322, 324 (Ala. 1993) (quoting *Southeastern Greyhound Lines v. Callahan*, 244 Ala. 449, 13 So. 2d 660, 663 (Ala. 1943)). "To determine whether a [specific] duty existed, this court should consider a number of factors, including public policy, social considerations, and whether the injury was foreseeable to [the Bank]." *Carrio v. Denson*, 689 So. 2d 121, 124 (Ala. Civ. App. 1996). "The key factor is whether the injury was foreseeable by the defendant." Smitherman, 622 So. 2d at 324.

*Raley*, No. 2:14-CV-857-WMA, 2014 U.S. Dist. LEXIS 164873, 114 A.F.T.R.2d (RIA) 6764 (N.D. Ala. Nov. 25, 2014).

A wantonness claim imposes similar requirements to a negligence claim, but with the enhanced culpability requirement that the conduct be done recklessly or in conscious disregard of others' rights. *See Edmonson v. Cooper Cameron Corp.*, 374 F. Supp. 2d 1103, 1106 (M.D. Ala. 2005).

Plaintiff has alleged Midland made misrepresentations and has an improper business model. These allegations, if proven, can form the basis of negligence or wantonness claims. In addition, Midland's business model creates a financial incentive to do as little as possible. This creates a question of fact as to whether the conduct was intentional. *See Gustin v. Allied Interstate LLC*, No. 2:11-cv-03795-JEO, 2014 U.S. Dist. LEXIS 65480 (N.D. Ala. May 13, 2014); *Lindsey v. NCO Financial Systems, Inc.*, 2012 U.S. Dist. LEXIS 129866, 2002 WL 3999870 (N.D. Ala. 2012).

Midland attempts to argue that Alabama law does not permit a cause of action for the negligent or wanton filing or prosecution of a civil lawsuit. Plaintiff has alleged more than that just a filing of a lawsuit and therefore these claims should proceed.  *See Samuels*, 921 F. Supp. 2d 1321 (S.D. Ala. 2013) (" Count Four, however, incorporates the previous allegations of the complaint and therefore encompasses all allegations concerning the defendant's pre-lawsuit informal collection efforts as well as all allegations concerning the defendant's actions, inactions and intentions concerning the collection action. The defendant has identified nothing that requires dismissal of this claim.").

### B.     Malicious Prosecution

The elements for a malicious prosecution claim are: (1) that the present defendant instituted a prior judicial proceeding against the present plaintiff; (2) that in instituting the prior proceeding the present defendant acted without probable cause and with malice; (3) that the prior proceeding ended in favor of the present plaintiff; and (4) that the present plaintiff was damaged as a result of the prior proceeding.  *Wal-Mart Stores, Inc. v. Goodman*, 789 So. 2d 166, 174 (Ala. 2000).

The first and third elements are not in dispute.  Midland, in its Motion

to Dismiss, argues that malice was absent and, as such, Plaintiff's claims should be dismissed.  Midland also, oddly, "presumes" that Plaintiff's malicious prosecution claim is based on some nebulous theory that Midland was attempting to coerce a settlement or consent judgment or obtain a default judgment rather than taking the case to trial. [Doc. 7, p. 14].   As Midland points out, this case *did* go to trial.  However, Midland made no effort whatsoever to prove any element of any claim in its lawsuit against the Plaintiff.   With regard to malice, "Malice is an inference of fact and may be inferred from the lack of probable cause or from mere wantonness or carelessness. Personal ill will or a desire for revenge is not essential to the existence of malice." *SouthTrust Bank v. Jones, Morrison, Womack & Dearing, P.C.*, 939 So. 2d 885, 908 (Ala. Civ. App. 2005).  Plaintiff has alleged that Midland never intended to prove its case, that Plaintiff never did business with or ever owed Midland any money and that Midland filed suit against him and took him to trial anyway.  At the Motion to Dismiss stage, a Court "may not . . . [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.") *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) (citation omitted).   Clearly if the Plaintiff can

demonstrate malice or produce sufficient evidence from which a jury may infer malice, then this count is not due to be dismissed.

Midland, in its Motion to Dismiss, goes on to argue that "malicious prosecution cannot be grounded on institution of a small claims proceeding" and cites two cases, a California District Court case as well as a 9th Circuit case.  Midland mentions in a footnote and Plaintiff would emphasize to this Court that the Alabama Court of Civil Appeals affirmed a jury verdict in a malicious prosecution claim based upon an action in small claims court. See *AAA Employment, Inc. v. Weed*, 457 So. 2d 428 (Ala. Civ. App. 1984).

This same argument has been made by Midland in this District and has been roundly rejected.  In *Kamps v. Midland Funding, LLC,* yet another case where Midland's attempt to get a complaint alleging violations of the FDCPA and state law dismissed utterly failed, Judge Bowdre held as follows:

> Midland argues that the court should dismiss Mr. Kamps' malicious prosecution claim because a malicious prosecution claim cannot be based on a small claims action and because the factual allegations in the amended complaint contradict Mr. Kamps' theory of "malice." Mr. Kamps correctly points out that the Court of Civil Appeals of Alabama affirmed a malicious prosecution jury verdict based on a small claims action.  See *AAA Employment, Inc. v. Weed*, 457 So. 2d 428 (Ala. Civ. App. 1984). **The court sees no reason to shy away from this**

**Alabama precedent and adopt the California rule as put forward by Midland**.

*Kamps v. Midland Funding, LLC*, No. 2:12-cv-3799-KOB, 2013 U.S. Dist. LEXIS 22054, at *12-14 (N.D. Ala. Feb. 19,2013) (emphasis added).

Plaintiff respectfully requests that this Court, too, not shy away from Alabama precedent and adopt the "California rule" Midland puts forward.

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully requests that this Court deny Defendants' Motion to Dismiss and for such other relief as this Court deems appropriate.

    /s/ *W. WHITNEY SEALS*
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**
**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Fax: (205) 323-3906
filings@cochrunseals.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 8 June 2020, the foregoing is electronically filed with the Clerk of the Court using the CM/ECF system, the CM/ECF system will send notification of such filing to the following:

Jason B. Thompkins, Esq.
Thomas R. DeBray, Jr., Esq.
**Balch & Bingham, LLP**
P.O. Box 306
Birmingham, AL 35201-0306
(205) 251-8100

_/s/ W. WHITNEY SEALS_
OF COUNSEL