# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **PATRICK WOYCHESIN,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 4:20-cv-00378-ACA |
| } | |
| **MIDLAND FUNDING, LCC and** } | |
| **MIDLAND CREDIT** } | |
| **MANAGEMENT, INC.,** } | |
| } | |
| **Defendants.** } | |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the court on Defendants Midland Funding, LLC and Midland Credit Management, LLC's ("Midland") motion to dismiss Plaintiff Patrick Woychesin's complaint (doc. 7) and Mr. Woychesin's motion for leave to amend his complaint (doc. 12).

Midland filed a small claims court lawsuit against Mr. Woychesin to collect a $2,669.38 credit card debt. Mr. Woychesin claims that Midland knew it had no witnesses or competent evidence to support its case. After trial, the small claims court entered judgment in favor of Mr. Woychesin and against Midland.

Mr. Woychesin filed this lawsuit asserting claims against Midland under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. Mr. Woychesin also

asserts state law claims for negligence, recklessness and wantonness, and malicious prosecution.[1]

Mr. Woychesin's complaint plausibly alleges claims for relief against Midland for violations of the FDCPA and for malicious prosecution under Alabama law. However, the complaint fails to state a claim for negligence and wantonness because there is no cause of action under Alabama law for negligence and wantonness based on the facts alleged. Accordingly, the court **GRANTS IN PART** and **DENIES IN PART** Midland's motion to dismiss. (Doc. 7).

Because Mr. Woychesin's original complaint states claims for relief against Midland for violations of the FDCPA and for malicious prosecution, amendment of the complaint to add additional factual allegations is not futile with respect to those claims. However, because the additional factual allegations contained in the proposed amended complaint do not save Mr. Woychesin's negligence and wantonness claims from dismissal, amendment is futile with respect to those claims. Accordingly, the court **GRANTS IN PART** and **DENIES IN PART** Mr. Woychesin's motion to amend his complaint. (Doc. 12).

---

[1] Mr. Woychesin's complaint also contains a claim for abuse of process. (Doc. 1 at ¶¶ 35–41). Mr. Woychesin has voluntarily withdrawn his abuse of process of claim. (Doc. 10 at 10).

**I.     Motion to Dismiss**

    1.     <u>Background</u>

At this stage, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).

Midland filed a lawsuit against Mr. Woychesin in the Small Claims Court of St. Clair County, Alabama, attempting to collect a $2,669.38 credit card debt. (Doc. 1 at ¶ 4–7). Mr. Woychesin has never done business with Midland and has never owed Midland money. (*Id.* at ¶ 8).

Mr. Woychesin answered Midland's small claims court complaint and denied all allegations Midland asserted in the lawsuit. (*Id.* at ¶ 9). The small claims court held a trial on Midland's claims. (Doc. 1 at ¶ 10). During the trial, Midland called no witnesses and "offered no competent evidence" that Midland owned the alleged debt or that Mr. Woychesin was responsible for paying the debt. (*Id.* at ¶ 11). After trial, the small claims court entered judgment in favor of Mr. Woychesin and against Midland. (*Id.* at ¶ 10).

Mr. Woychesin alleges that Midland filed the small claims court lawsuit without any intention of proving its claims and with knowledge that it had no witnesses or evidence to support its claims to secure a default judgment or to coerce a settlement or consent judgment. (Doc. 1 at ¶¶ 12–13).

2.  Discussion

Midland moves to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 7). "To survive a [Rule 12(b)(6)] motion to dismiss, the plaintiff must plead 'a claim to relief that is plausible on its face.'" *Butler*, 685 F.3d at 1265 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### a.  FDCPA Claims (Count One)

In Count One, Mr. Woychesin alleges that Midland's filing of a baseless small claims court lawsuit to collect a debt that Mr. Woychesin did not owe without any intention of proving its claims violates three sections of the FDCPA, including:

- engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, 15 U.S.C. § 1692d;

- using any false, deceptive, or misleading representation or means in connection with the collection of any debt, 15 U.S.C. § 1692e; and

- using unfair or unconscionable means to collect or attempt to collect any debt, 15 U.S.C. § 1692f.

(Doc. 1 at ¶ 16).

Midland argues that Mr. Woychesin's FDCPA claims are due to be dismissed for three reasons: (1) a debt collector does not violate the FDCPA by filing a collection action without having the intent to prove its claims at trial; (2) the underlying state court record refutes Mr. Woychesin's allegations about Midland's alleged intent to prove its collections claim against him; and (3) a debt collector can consider surrounding circumstances when determining what judicial remedies to pursue, or not pursue, in an attempt to collect a debt. (Doc. 7 at 4–12). Midland's arguments are not persuasive.

First, Midland cites no binding authority for the proposition that a debt collector does not violate the FDCPA by filing a collection action without the intention of proving its claims. And what authority Midland does cite is distinguishable from either the procedural posture or factual background of this case. (*See generally* doc. 7 at 4–6).

The Eleventh Circuit has recognized that "the filing of a lawsuit does not have the natural consequences of" causing the harm the FDCPA was designed to protect. *See Miljkovic v. Shafritz and Dinkin, P.A.*, 791 F.3d 1291, 1305 (11th Cir. 2015) (finding that a debt collector's sworn reply in the course of debt-collection proceedings did not violate § 1692d). But the Eleventh Circuit has not expressly addressed whether allegations like Mr. Woychesin's state a claim for a violation of the FDCPA. And where, as here, the complaint alleges not just that Midland filed

5

a lawsuit, but that it filed a "bogus" lawsuit against Mr. Woychesin to collect a debt he did not owe with no intention of proving the collections case, the court finds that the complaint plausibly alleges that Midland violated the FDCPA. *See e.g., Samuels v. Midland Funding, LLC*, 921 F. Supp. 2d 1321, 1325–31 (S.D. Ala. 2013); *White v. Midland Funding, LLC*, 2015 WL 5084232, at *2 (N.D. Ala. Aug. 27, 2015) (collecting cases); *Vinson v. Midland Funding, LLC*, 2013 WL 625111, at *2 (N.D. Ala. Feb. 20, 2013); *Wood v. Midland Funding, LLC*, 2013 WL 360146, at *3 (N.D. Ala. Jan. 29, 2013).

Second, at the pleading stage, the underlying state court record does not refute Mr. Woychesin's allegation that Midland had no intention of proving its claim when it filed the small claims court action. Midland claims that an affidavit it attached to the small claims court complaint affirmatively proves that it intended to prove its lawsuit or put forth other competent evidence in support of its claims, and therefore, Mr. Woychesin's FDCPA claims fail. (Doc. 7 at 6–10).

The court may consider the small claims court affidavit for purposes of ruling on Midland's motion to dismiss. *See Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018) ("Under the doctrine of incorporation by reference, we may also consider documents attached to the motion to dismiss if they are referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity."). But the court must construe the contents of the

6

affidavit in the light most favorable to Mr. Woychesin and resolve all reasonable inferences in his favor. *See Luke v. Gulley*, --- F.3d ----, 2020 WL 5524730, at *3 (11th Cir. Sept. 15, 2020). "[W]hen placed in that light, the [affidavit] does not eliminate every reasonable inference that" Midland had no intention of proving its collection claim against Mr. Woychesin. *See id.*

The affidavit states that Midland purchased Mr. Woychesin's $2,669,38 debt from the original creditor. (Doc. 2 at 4 in Case 75-SM-2019-900514.00, *Midland Funding, LLC v. Patrick Woychesin*). But the affidavit does not affirmatively state that Midland intended to prosecute and prove the collection claim. And Mr. Woychesin's complaint alleges just the opposite. (Doc. 1 at ¶¶ 11–12).

Midland's reliance on the small claims court affidavit might carry the day at summary judgment. But accepting the allegations in the complaint as true and construing the affidavit in the light most favorable to Mr. Woychesin, the court cannot say that the affidavit is sufficient to undermine Mr. Woychesin's allegation that Midland filed the small claims court action with no intention of proving its claim at trial.

Third, Midland's argument that a debt collector may consider surrounding circumstances when determining what judicial remedies to pursue, or not pursue, to collect a debt misses the mark. Again, Midland cites no binding authority in support of its position. And the cases upon which Midland relies arose in the

context of good-faith collection lawsuits or legitimate efforts to collect a debt that ultimately were not successful.  (*See* Doc. 7 at 10–12).  Again, the complaint here does not allege that Midland brought the small claims action against Mr. Woychesin legitimately or in good faith.  To the contrary, the complaint alleges that knowing that Mr. Woychesin did not owe the debt at issue, Midland filed a "bogus" lawsuit with no intention of proving its claim.  (Doc. 1 at ¶¶ 8, 11–13).  Accepting these allegations as true, Midland did not file the small claims action in good faith.  Midland may renew its argument on this point and others at the summary judgment stage after discovery.

Because Mr. Woychesin's complaint sufficiently states a claim for violations of the FDCPA, the court **DENIES** Midland's motion to dismiss Mr. Woychesin's FDCPA claims.

### b. Negligence (Count Two) and Wantonness (Count Three)

In Counts Two and Three, Mr. Woychesin claims that Midland negligently and wantonly participated in improper collection activities by filing a baseless lawsuit with no intention of proving its claims.  (Doc. 1 ¶¶ 19–28).

Midland argues that Mr. Woychesin's negligence and wantonness claims are subject to dismissal because "there is no cause of action for the negligent or wanton filing or prosecution of a civil lawsuit under Alabama law."  (Doc. 7 at 12).  The court agrees.

In Alabama, "a claim of negligent [or wanton] prosecution of a civil action is not a cognizable tort claim." *Ex parte Miller, Hamilton, Snider & Odom, LLC*, 942 So. 2d 334, 336 n.1 (Ala. 2006) (quotations omitted; alteration in original). Citing *Samuels v. Midland Funding*, 921 F. Supp. 2d 1321 (S.D. Ala. 2013), Mr. Woychesin responds that his negligence and wantonness claims do not fall within the ambit of this general rule because he "has alleged more than just a filing of a lawsuit." (Doc. 10 at 13). In *Samuels*, the court denied a debt collector's motion for judgment on the pleadings as to a negligence and wantonness claim because the claim was based not only on the defendant's prosecution of a collection action but also on "allegations concerning the defendant's pre-lawsuit informal collection efforts" and "allegations concerning the defendant's actions, inactions and intentions concerning the collection action." *Samuels*, 921 F. Supp. 2d at 1337.

*Samuels* is distinguishable from this case because Mr. Woychesin's complaint does not allege any facts concerning Midland's pre-suit informal collection efforts. Moreover, the court is not persuaded by the reasoning of *Samuels* to the extent Mr. Woychesin alleges facts concerning Midland's intentions concerning the collection action because these allegations "amount[] to a claim of negligent [or willful] prosecution of the action," which is not recognized tort claim under Alabama law. *See Ex parte State Farm Mut. Auto. Ins. Co.*, 924 So. 2d 706, 711 (Ala. 2005).

Mr. Woychesin also argues that other courts have held that negligence claims can arise in debt collection scenarios. (Doc. 10 at 11). That may be. However, as explained above, Mr. Woychesin's allegations in this case relate solely to Midland's decision to file a lawsuit without the intention of proving its claims, and those facts do not support a cause of action under Alabama law for negligence or wantonness

Accordingly, the court **GRANTS** Midland's motion to dismiss Mr. Woychesin's negligence and wantonness claims.

### c. Malicious Prosecution (Count Four)

In Count Four, Mr. Woychesin asserts a malicious prosecution claim against Midland based on the underlying small claims court lawsuit. (Doc. 1 at ¶¶ 29–34).

Under Alabama law, to state a claim for malicious prosecution, a plaintiff must allege facts showing: "(1) a judicial proceeding initiated by the defendant, (2) the lack of probable cause, (3) malice, (4) termination in favor of the plaintiff, and (5) damage." *Cutts v. Am. United Life Ins. Co.*, 505 So. 2d 1211, 1214 (Ala. 1987). Midland argues that Mr. Woychesin's malicious prosecution clam is subject to dismissal because the complaint does not allege sufficient facts to show that Midland acted with requisite malice.[2] (Doc. 7 at 14).

---

[2] Midland does not challenge the sufficiency of Mr. Woychesin's complaint as to the remaining four elements of a malicious prosecution claim.

10

Midland's argument with respect to malice assumes that Mr. Woychesin's theory is that Midland acted with malice by filing a collection action to obtain a default judgment or to coerce a settlement or consent judgment, rather than taking the case to trial. (Doc. 7 at 14). Midland contends the factual allegations in the complaint do not support (and in fact undermine) this theory of malice because a trial actually took place and based on the small claims court's order, "[e]vidence was presented at trial." (Doc. 7 at 14). As an initial matter, that evidence was presented at trial says nothing about whether *Midland* presented evidence at trial. Moreover, Mr. Woychesin has alleged that Midland filed the small claims court lawsuit to collect a debt that he did not owe "without any intention of proving the claims" alleged. (*See* Doc. 1 at ¶¶ 8, 12–13). At the pleading stage, an allegation that Midland filed a collection action knowing that Mr. Woychesin did not owe Midland money and that it had no intention of proving its claim plausibly alleges that Midland acted with malice. *See Delchamps, Inc. v. Larry*, 613 So. 2d 1235, 1239 (Ala. 1992) ("Malice is an inference of fact and may be inferred from the lack of probable cause or from mere wantonness or carelessness.").

Midland also contends that a small claims court action cannot support a malicious prosecution claim. (Doc. 7 at 15). In support of this argument, Midland cites cases applying California law. (*Id.*). But as Midland acknowledges in its brief in support of its motion to dismiss, the Alabama Court of Civil Appeals has

11

affirmed a plaintiff's verdict on a malicious prosecution claim arising out of a small claims court lawsuit. *See AAA Employment, Inc. v. Weed*, 457 So. 2d 428 (Ala. Civ. App. 1984). The court finds no reason to ignore this authority and adopt the reasoning of courts applying a different state's law.

Accordingly, the court **DENIES** Midland's motion to dismiss Mr. Woychesin's malicious prosecution claim.

## II.   Motion to Amend

After the parties had fully briefed Midland's motion to dismiss the original complaint, Mr. Woychesin filed a motion for leave to amend. (Doc. 12). Mr. Woychesin seeks leave to add allegations about the affidavit that Midland filed in support of its complaint in the small claims court action. (Doc. 12 at 1; Doc. 12-1, ¶ ¶ 7–8, 13–15, 17). Mr. Woychesin also seeks to formally withdraw his abuse of process claim that he has voluntarily dismissed. (Doc. 12 at 2).

Federal Rule of Civil Procedure 15 requires the court to "freely give leave [to amend the complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). "A court may consider several factors when deciding whether to grant a motion to amend, including undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of

amendment." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340 (11th Cir. 2014) (quotation marks omitted) (alterations in original).

Midland argues that the court should deny leave to amend because amendment of the complaint would be futile. The court agrees, to the extent that Mr. Woychesin's proposed amended complaint contains negligence and wantonness claims. The proposed additional factual allegations concern Midland's actions in prosecuting the small claims court action. Therefore, amendment with respect to the negligence and wantonness claims is futile because the amended complaint still would fail to state a claim for negligence or wantonness. *See e.g., Ex parte State Farm Mut. Auto. Ins. Co.*, 924 So. 2d at 711. Accordingly, the court **DENIES** the motion to amend, to the extent the proposed amended complaint asserts negligence and wantonness claims.

However, the additional factual allegations proposed in the amended complaint further support Mr. Woychesin's FDCPA and malicious prosecution claims. Therefore, although unnecessary to survive a motion a dismiss as to those claims, amendment with respect to the FDCPA and malicious prosecution claims is not futile. Accordingly, the court **GRANTS** the motion to amend with respect to the FDCPA and malicious prosecution claims.

### III. CONCLUSION

The court **GRANTS IN PART** and **DENIES IN PART** Midland's motion to dismiss. (Doc. 7). The court **DISMISSES** Mr. Woychesin's negligence and wantonness claims. Mr. Woychesin's FDCPA and malicious prosecution claims will proceed.

The court **GRANTS IN PART** and **DENIES IN PART** Mr. Woychesin's motion for leave to file an amended complaint. (Doc. 12). **On or before October 7, 2020**, Mr. Woychesin **SHALL** file the proposed amended complaint (doc. 12-1), but the amended complaint **SHALL NOT** contain a negligence claim or a wantonness claim.

Because both the original complaint and the proposed amended complaint state claims for violations of the FDCPA and malicious prosecution under Alabama state law, Midland **SHALL** file an answer to the first amended complaint within the time prescribed in Federal Rule of Civil Procedure 15(a)(3).

**DONE** and **ORDERED** this October 5, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE